IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:23-cr-00116-AN-1 |
| v. | |
| GUILLERMO ARTEAGA-RAMOS, | OPINION AND ORDER |
| Defendant. | |

Defendant Guillermo Arteaga-Ramos moves the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The government opposes the motion. For the reasons set forth below, the motion is DENIED.

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This general rule, however, is subject to several exceptions. *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). One such exception is found in 18 U.S.C. § 3582(c)(2), which states:

> "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing commission."

The Ninth Circuit has established a two-step inquiry to determine if a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017). First, the court must determine whether the defendant is eligible for a sentence reduction under the Commission's policy statement in U.S. Sentencing Guidelines ("Guidelines") § 1B1.10. *Id.* at 880. Second, if the defendant is eligible for a sentence reduction, the court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the

policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* (internal quotation marks omitted).

## BACKGROUND

On April 10, 2024, defendant pleaded guilty to one count of Illegal Reentry in violation of 8 U.S.C. § 1326. Plea Pet., ECF [27], at 10. At the time of his sentencing, defendant had a total offense level of nineteen and eight criminal history points, placing him in Criminal History Category IV. Gov't Resp., ECF [40], at 1-2 (citing Statement of Reasons, ECF [36], at 1; Presentence Investigation Report ("PSR"), ECF [30], ¶ 39). Defendant did not receive any status points. *Id.* at 2 (citing PSR ¶ 39). This placed him in a guideline range of forty-six to fifty-seven months of imprisonment. *Id.* at 1 (citing Statement of Reasons 1). On July 9, 2024, defendant was sentenced to a thirty-month term of imprisonment followed by three years of supervised release. Am. J., ECF [37]. Defendant's projected release date is May 28, 2025. Gov't Resp. 2.

## DISCUSSION

On November 1, 2023, the Sentencing Commission amended the Guidelines via Amendment 821. Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254, 28254 (May 3, 2023). Part A and Part B, subpart 1 of Amendment 821 apply retroactively. U.S.S.G. § 1B1.10(d). Part A decreases the number of status points received by individuals who committed their offense while under a criminal justice sentence. *Id.* § 4A1.1(e). Subpart 1 of Part B reduces the term of imprisonment for individuals who did not receive any criminal history points. *Id.* § 4C1.1.

Defendant moves to reduce his sentence based on Amendment 821 but does not specify which part of the amendment he believes applies to him. The government argues that defendant is ineligible for a sentence reduction because he was originally sentenced pursuant to Amendment 821 and did not qualify for a sentencing benefit because he did not receive status points and was not a zero-point offender.

Section 3582(c)(2) does not apply to defendant because defendant's sentence was not "based on" a range that was "subsequently lowered" by the Sentencing Commission. 18 U.S.C.

2

§ 3582(c)(2). At the time of defendant's sentencing, Amendment 821 was already in effect. Defendant was not eligible to benefit from the amendment, however, because he did not receive any status points and received eight criminal history points. Accordingly, defendant is ineligible for a sentence reduction.

## CONCLUSION

For the foregoing reasons, defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(2), ECF [38], is DENIED.

IT IS SO ORDERED.

DATED this 25th day of February, 2025.

*Adrienne Nelson*
Adrienne Nelson
United States District Judge